IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MATTHEW ANDERSON,  :
:
    Plaintiff,  :
:      CIVIL ACTION
v.  :
:      NO. 1:11-cv-4091-TWT-ECS
DEUTSCHE BANK NATIONAL TRUST :
COMPANY, *As Trustee for the* :
*Holders of the First Franklin* :
*Mortgage Loan Trust 2006-FFI,* :
*Mortgage  Pass-Through* :
*Certificates, Series 2006-FFI,* :
BANK OF AMERICA, N.A.,  :
:
    Defendants.  :

## ORDER, FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on (1) Plaintiff's motion for a permanent injunction and temporary restraining order ("TRO"), [Doc. 2]; (2) Defendants' motion to dismiss, [Doc. 3]; (3) Plaintiff's motion to amend his complaint, [Doc. 12]; (4) Plaintiff's amended motion to amend his complaint, [Doc. 14]; and (5) Defendants' motion for leave to file excess pages in support of their reply to the motion to dismiss, [Doc. 18].

For the reasons discussed herein, **IT IS RECOMMENDED** that Plaintiff's motion for a TRO, [Doc. 2], be **DENIED. IT IS FURTHER RECOMMENDED** that Defendants' motion to dismiss, [Doc. 3], be **GRANTED.** Further, Plaintiff's initial motion to amend his complaint, [Doc. 12], is **DENIED as moot**, in light of Plaintiff's filing of the

amended motion to amend his complaint. Plaintiff's amended motion

to amend his complaint, [Doc. 14], is **DENIED as futile**.[1] Defendants'

motion for leave to file excess pages in support of the reply brief,

[Doc. 18], is **GRANTED**.

## I.
## Relevant Background

On October 19, 2005, Plaintiff Matthew Anderson ("Plaintiff")

entered into a loan agreement with non-party mortgage company First

Franklin to purchase a home. [Doc. 1-1 at ¶¶ 6-7]. First Franklin

was also the servicer of the loan. [Doc. 1-1 at ¶ 13].

On November 21, 2008, First Franklin, through a corporate

assignment, assigned "all of its rights, title, and interest" to the

security deed to Defendant Deutsche Bank National Trust Company

("Deutsche"). [Doc. 19-1].[2]

During 2009, "due to the dramatic downturn in the housing

market," Plaintiff's architect business "experienced a similar

---

[1] Plaintiff filed both motions to amend on the same day. Plaintiff filed the amended motion to amend, [Doc. 14], "to include Exhibit A with . . . social security numbers redacted." [Id. at 1].

[2] In this case, the corporate assignment to Defendant Deutsche is a matter of public record and therefore may be considered in connection with the instant motion to dismiss. 5B Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2004 and Supp. 2007. See also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross and Blue Shield of Florida, Inc., 115 F.3d 1364, 1369 (11th Cir. 1997).

AO 72A
(Rev.8/82)

downturn in clients and related revenues." [Doc. 1-1 at ¶ 9].

In mid- to late 2009, Plaintiff, "in the hopes of maintaining his mortgage and home, . . . began his efforts to contact First Franklin in an effort to modify his home loan" through HAMP. [Doc. 1-1 at ¶ 11]. He alleges that he received "no reply either in the affirmative or negative as to his qualifying for the program." [Doc. 1-1 at ¶ 12].

In October of 2010, "Plaintiff was notified that First Franklin, as servicer of his loan was replaced by [Defendant] Bank of America, NA." [Doc. 1-1 at ¶ 13].

Plaintiff then "submitted a new application" to Defendant Bank of America ("BOA"), seeking a loan modification under HAMP, but "no response has been forthcoming." [Doc. 1-1 at ¶¶ 14, 17].

On September 16, 2011, a "Notice of Foreclosure Sale" was mailed by Pendergast & Associates, P.C. ("P&A"), on behalf of Defendant Deutsche. [Doc. 1-1 at ¶ 18]; [Doc. 1-1 at 84]. Plaintiff received the notice on September 24, 2011. [Doc. 1-1 at ¶ 18].

In pertinent part, the notice informed Plaintiff that a foreclosure sale of Plaintiff's home was scheduled for November 1, 2011, "[a]s a result of [Plaintiff's] failure to make payments on the [mortgage] Note." [Doc. 1-1 at 84]. Neither party has stated whether a foreclosure sale has occurred or is currently pending.

The notice also informed Plaintiff of the following:

3

> Pursuant to O.C.G.A. § 44-14-162.2(a) ["Sales made on foreclosure under power of sale - Mailing or delivery of notice to debtor"], the following individual or entity has the full authority to answer any questions and/or the full authority to negotiate, amend or modify the terms of your mortgage loan should the creditor choose to do so.
>
> Bank of America, N.A.
> Attn: Jill Balentine, P.O. Box 5170, MS SV314B
> Simi Valley, CA 93065
> PHONE: 888-219-7773

[Doc. 1-1 at 85].

Plaintiff alleges that he "endeavor[ed] to contact Ms. Balentine and called the number indicated," but was "notified that no such person existed at the number contacted or for that matter at Bank of America." [Doc. 1-1 at ¶ 20].

On October 26, 2011, Plaintiff filed a complaint against Defendants in the State Court of Fulton County, alleging violations of various Georgia state laws, the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 et seq., and the Home Affordable Modification Program ("HAMP"). [Doc. 1-1]. Plaintiff's claims all arise out of the home loan and subsequent non-judicial foreclosure attempt on his property. [Id.].

On November 28, 2011, Defendants removed the case to this Court. [Doc. 1]. On December 5, 2011, Defendants filed the instant motion to dismiss Plaintiff's complaint. [Doc. 3]. Other motions have been filed, [Docs. 2, 12, 14, 18], and have been listed above. These motions are addressed herein.

4

## II.
## Discussion

### A. Defendants' Motion for Leave to File Excess Pages

Defendants seek permission to file 19 pages in support of their reply to the motion to dismiss, rather than the 15 pages permitted by Local Rule 7.1D, N.D. Ga. [Doc. 18]. Defendants' motion is unopposed, Plaintiff's having failed to respond within the time permitted under Local Rule 7.1B, N.D. Ga.

Upon consideration, Defendants' motion, [Doc. 18], is **GRANTED, nunc pro tunc**.[3]

### B. Defendants' Motion to Dismiss

#### 1. Standard for Rule 12(b)(6) Dismissal

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006) (citation omitted);

---

[3]    Defendants' motion, [Doc. 18], was filed on the same day as the reply to the motion to dismiss, [Doc. 19], which contained the 19 pages requested by Defendants.

AO 72A
(Rev.8/82)

<u>Fuller v. Johannessen</u>, 76 F.3d 347, 349-50 (11th Cir. 1996).

Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u>

### 2. Plaintiff's Claims Under Federal Law

#### a. FDCPA

In the fifth count of his complaint,[4] Plaintiff alleges that Defendants violated sections 1692e, 1692e(5), and 1692f(6) of the FDCPA by "making false, deceptive, and misleading representations in connection with the collection of a debt, threatening to take action that [they] could not legally take, and taking or threatening to take possession unlawfully of consumer's property." [Doc. 1-1 at 13]. Plaintiff also alleges that the September 16, 2011, foreclosure notice sent by the law firm P&A on behalf of Defendant Deutsche "did not provide for nor direct the Plaintiff that he had a right under

---

[4] Plaintiff has not numbered his counts. The undersigned has done so for clarity of reference, appending a number to each count based on the order in which the count appears in the complaint.

the [FDCPA] . . . to dispute the debt and the amount owed." [Id. at 7]. He alleges that he "did indeed dispute the debt and the amount and requested verification of the amount and the note holder" by sending P&A a letter on October 17, 2011, but that "[n]o response has been forthcoming." [Id.]. He asserts that he "has received NO notice of his rights" under the Act. [Id.].[5]

Defendants argue that Plaintiff's complaint fails to state a claim for relief under the FDCPA because Defendants, who Defendants allege are mortgage servicers, are not "debt collectors" under any part of the FDCPA so long as the debt was not in default at the time it was assigned. [Doc. 3 at 15]. Defendants also argue that foreclosure proceedings do not constitute "debt collection" activity under the FDCPA. [Id. at 15].

The FDCPA imposes liability on debt collectors who "fail to comply with [FDCPA] provisions when collecting a debt." Buckman v.

---

[5]  Though Plaintiff does not cite the section of the Act that would apply to this factual allegation of lack of notice, the undersigned construes Plaintiff's complaint as purporting to bring a claim under 15 U.S.C. §§ 1692g(a) and (b). Section 1692g(a) provides that a debt collector must, within five days after the "initial communication" with a consumer, inform the consumer that he has the right to dispute the debt within 30 days, unless it already informed the consumer of this right in its initial communication letter. 15 U.S.C. § 1692g(a)(4). Section 1692g(b) provides that the debt collector must, upon receipt of a notice that the consumer disputes the debt, cease collection of the debt until it verifies the debt or obtains the name and address of the original creditor and informs the consumer of the same. 15 U.S.C. § 1692g(b).

<u>Am. Bankers Ins. Co. of Fla.</u>, 115 F.3d 892, 894-95 (11th Cir. 1997). Thus, to prevail on a claim under the FDCPA, a plaintiff must show, among other things, that the defendant was a debt collector as defined by the FDCPA and that the challenged conduct is related to debt collection. <u>Reese v. Ellis, Painter, Ratterree & Adams, LLP</u>, 678 F.3d 1211, slip op. at 5 (11th Cir. 2012). Under the FDCPA, "the term 'debt collector' does not include . . . any person collecting or attempting to collect any debt to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Thus, a consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered "debt collectors" so long as the debt was <u>not</u> in default at the time it was assigned. 15 U.S.C. § 1692a(6)(F)(iii). <u>See also</u> <u>Lacosta v. BAC Home Loan Serv., LP</u>, 2011 WL 166902 at *6 (N.D. Ga. Jan. 18, 2011).

In this case, Plaintiff's complaint does not allege that the loan assignment occurred after he was in default on his loan obligation. His complaint alleges that "[d]uring the year of 2009, due to the dramatic downturn in the housing market," Plaintiff's business "experienced a similar downturn in clients and related revenues." [Doc. 1-1 at 5]. Nor does he argue in response to the motion to dismiss that the assignment occurred before the default. In fact, the record shows that Defendant Deutsche obtained the

8

assignment on November 21, 2008. [Doc. 19-1]. Accordingly, Plaintiff has failed to allege that Defendant Deutsche is a "debt collector" within the meaning of the FDCPA. See Lacosta, 2011 WL 166902 at *6.[6]

Even if Plaintiff had alleged that the assignment occurred after Plaintiff defaulted on his loan obligation, Plaintiff's complaint must "plausibly allege[] that [Defendants are] . . . 'debt collector[s]' within the meaning of the FDCPA." Reese, 678 F.3d 1211, slip op. at 5; accord Birster v. Am. Home Mortg. Serv., Inc., 2012 WL 2913786 at *4 (11th Cir. July 18, 2012) (citing Reese, 678 F.3d 1211, slip op. at 5). A "debt collector" is defined as follows:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) (emphasis added). Further, for the purposes of section 1692f(6), a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). Thus, for the purposes of the instant action, in which Plaintiff has alleged violations of sections 1692e, 1692f(6), and 1692g(a), Defendants qualify as "debt

---

[6]    Moreover, Plaintiff's claim under the FDCPA does not appear to implicate Defendant BOA whatsoever. Accordingly, Plaintiff's claim fails to show an "entitle[ment] to relief" as to a claim against Defendant BOA. Twombly, 550 U.S. at 557.

collectors" if they (1) "regularly" attempt to collect debts; (2) use an "instrumentality of interstate commerce or the mails" in operating a business that has the principal purpose of collecting debts; or (3) use an "instrumentality of interstate commerce or the mails" in operating a business that has the principal purpose of enforcing security interests. 15 U.S.C. § 1692a(6); accord Reese, 678 F.3d 1211, slip op. at 5.

In this case, Plaintiff's complaint does not contain sufficient factual allegations to allow a reasonable inference that Defendants are "debt collectors" within the meaning of the FDCPA. Plaintiff does not allege that Defendants use "any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or "the enforcement of security interests," nor does he allege that Defendants "regularly collect[] or attempt[] to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). With no facts in the complaint alleging that Defendants meet the definition of debt collectors within the meaning of the FDCPA, **IT IS RECOMMENDED** that Plaintiff's claim under the FDCPA (the fifth count) be **DISMISSED.** Cf. Reese, 678 F.3d 1211, slip op. at 5 (Plaintiff sufficiently pled that Defendant was a "debt collector" where complaint alleged that the Defendant law firm was "engaged in the business of collecting debts" and that the Defendant firm had

10

sent more than 500 "dunning notices" with similar language in the previous year).

### b. HAMP

In the sixth count of Plaintiff's complaint, entitled "The Making Home Affordable Program," Plaintiff discusses the Home Affordable Modification Program ("HAMP") and Defendants' obligation, as HAMP participants, "to evaluate distressed homeowners for a HAMP loan modification . . . ." [Doc. 1-1 at 13-15]. This count is due to be **DISMISSED**, however, because Plaintiff does not set forth a claim; indeed, he makes no allegations of any wrongdoing by Defendants in this count. Furthermore, no private right of action exists under HAMP. <u>Miller v. Chase Home Fin., LLC</u>, 677 F.3d 1113, 1116 (11th Cir. 2011). Accordingly, **IT IS RECOMMENDED** that Plaintiff's HAMP claim (Count 6) be **DISMISSED**.

### 3. Plaintiff's Claims Under State Law

### a. Breach of Contract

In count one of the complaint, Plaintiff alleges that Defendants committed a breach of contract when they failed to give adequate notice to Plaintiff "of any deficiency in payments" and "an opportunity to cure the same . . . [p]ursuant to the mortgage loan and Georgia law." [Doc. 1-1 at 8]. Specifically, Plaintiff alleges that Defendants "notified the Plaintiff to contact a particular

11

individual [Ms. Jill Balentine with BOA] at a particular telephone number to obtain the information regarding the cure amount" when, in fact, "there is no such person at the telephone number provided by Bank of America." [Id.].[7] He alleges that he "has been damaged by the breach of contract." [Id.].

Under Georgia law, "[t]he essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." TDS Healthcare Sys. Corp. v. Humana Hosp. Ill., Inc., 880 F. Supp. 1572, 1583 (N.D. Ga. 1995). Moreover, a plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss. Am. Casual Dining, L.P. v. Moe's Sw. Grill, LLC, 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006) ("Because [plaintiff] cannot point to any contractual provision that [defendant] breached . . . [plaintiff] cannot state a claim for breach of contract based on these allegations.") (citing Adkins v. Cagle Foods JV, LLC, 441 F.3d 1320, 1327 (11th Cir. 2005)).

In this case, Plaintiff "does not point to a single provision of any contract to support [his] claim" that Defendants' breached the terms of the contract, nor has Plaintiff even alleged the existence of a specific contract. Allen v. BAC Home Loans Serv., LP,

---

[7]    Plaintiff appears to refer to the Notice of Foreclosure Sale from P&A attached to his complaint. [Doc. 1-1 at 84].

12

et al., [Doc. 12 at 9], No. 1:11-cv-743-WSD (N.D. Ga. Mar. 31, 2011) (dismissing plaintiff's breach of contract claim due to plaintiff's failure to identify any contract provision that was allegedly breached). He has also failed to identify exactly how a specific contractual provision was breached, and how he was damaged by such a breach. Without this information, Defendants "do not have a fair opportunity to challenge the purported breach." Allen, [Doc. 12 at 9], No. 1:11-cv-743-WSD (citing Twombly, 550 U.S. at 555). See also Kabir v. Statebridge Co., LLC, 1:11-cv-2747-WSD, 2011 WL 4500050 at *7 (N.D. Ga. Sept. 27, 2011) (dismissing breach of contract claim on a motion to dismiss because plaintiff failed to allege a factual basis in support of her claim). Indeed, Plaintiff's conclusory allegation that he "has been damaged by the breach of contract" is insufficient to survive a motion to dismiss. Twombly, 550 U.S. at 555. Accordingly, **IT IS RECOMMENDED** that Plaintiff's breach of contract claim (the first count) be **DISMISSED**.

### b. Fraud

The second count of Plaintiff's complaint alleges that "Defendants have committed Fraud against Plaintiff pursuant to O.C.G.A. [§§] 51-6-1, 23-2-51, and 23-2-52." [Doc. 1-1 at 9 ¶ 32].[8]

_____

[8] O.C.G.A. § 51-6-1 provides: "Fraud, accompanied by damage to the party defrauded, always gives a right of action to the injured party." O.C.G.A. § 23-2-51 defines actual and constructive fraud. Under O.C.G.A. § 23-2-52, "Misrepresentation of a material

He alleges that his applications for loan modifications pursuant to HAMP went unanswered by First Franklin and Defendant BOA. [Id. ¶ 31]. He also alleges that Defendant[9] made "material misrepresentations" to Plaintiff regarding whom he could contact to reinstate his loan in the September 24, 2011, Notice of Foreclosure Sale from P&A. [Id. ¶ 34, 35, 36, 38]. Specifically, he alleges that the notice from P&A "indicated that Plaintiff should contact Ms. Jill Balentine, an associate of Bank of America to obtain the necessary information so that Plaintiff could reinstate the existing mortgage." [Id. ¶ 34]. He alleges that "there was no such person at the telephone number provided" and that Defendant BOA "informed Plaintiff that they had no employee by the name of Jill Balentine." [Id. ¶¶ 35-36]. Plaintiff alleges that he "relied on the information provided," notably the name of Jill Balentine and the telephone number,"in order to be able to reinstate his mortgage." [Doc. 1-1 at ¶ 37]. He alleges that, "having reasonably relied on the material misrepresentations of Defendant now suffers a detriment due to Plaintiff's reasonable reliance on the false representations of

_____

fact, made willfully to deceive or recklessly without knowledge and acted on by the opposite party or made innocent and mistakenly and acted on by the opposite party, constitutes legal fraud."

[9]     Despite Plaintiff's allegation that "Defendants have committed Fraud against Plaintiff," [Doc. 1-1 at ¶ 32], the rest of the fraud count refers to "Defendant," without specifying which Defendant allegedly engaged in fraudulent conduct.

14

Defendant." [Id. ¶ 42].

Defendants argue that Plaintiff's fraud claim fails to allege fraud with particularity. Specifically, Defendants argue that Plaintiff has "failed to show how he was mislead (sic)" by the alleged loan modification promise and how Defendants' statements benefited Defendants. [Doc. 3 at 15].

The tort of fraud has the following five elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages. Home Depot U.S.A., Inc. v. Wabash Nat. Corp., 314 Ga. App. 360, 367 (2012) (citing ReMax N. Atlanta v. Clark, 244 Ga. App. 890, 893 (2000)). Where a plaintiff's tort claim is based on a material misrepresentation constituting fraud, he must show that (1) the defendant made the representations; (2) at the time the defendant knew they were false; (3) the defendant made them intending to deceive the plaintiff; (4) the plaintiff justifiably relied on the representations; and (5) the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. Golden Atlanta Site Dev., Inc. v. R. Nahai & Sons, Inc., 299 Ga. App. 654, 656-57 (2009).

In addition, the federal rules require that claims of fraud "state with particularity the circumstances constituting [the]

15

fraud." Fed. R. Civ. P. 9(b). A plaintiff satisfies this heightened

pleading standard by setting forth the following:

> (1) Precisely what statements were made in what documents
> or oral representations or what omissions were made, and
> (2) the time and place of each such statement and the
> person responsible for making (or, in the case of
> omissions, not making) same, and (3) the content of such
> statements and the manner in which they misled the
> plaintiff, and (4) what the defendants obtained as a
> consequence of the fraud.

Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364,

1371 (11th Cir. 1997) (internal quotation omitted).

In this case, to the extent Plaintiff bases his claim upon

Defendants' failure to respond to his HAMP applications, such a

claim should be dismissed because Plaintiff has not alleged in his

complaint that Defendant made any misrepresentations in connection

with HAMP or alleged how he reasonably relied on Defendants' failure

to respond to his loan modification applications.

To the extent Plaintiff bases his fraud claim upon the

statement in the September 24, 2011, letter from P&A providing Ms.

Balentine's name as a contact at BOA, Plaintiff's claim is also due

to be dismissed.  Taking the facts as true, Plaintiff has not

alleged facts that would show he reasonably relied upon this

statement.  Plaintiff alleges that he called the number provided by

P&A and was informed by Defendant BOA that nobody named Jill

Balentine was a BOA employee.  After he was advised of this

16

information, Plaintiff could not have reasonably relied to his detriment on the statement that he could reinstate his mortgage by speaking with Ms. Balentine, because he knew by that time that the statement was false.[10] Simmons v. Brady, 251 Ga. App. 717, 719 (2001) (where plaintiff was "on notice" of a fact that directly contradicted the allegedly fraudulent misrepresentation, trial court properly found that plaintiff "was not reasonable in relying on the Defendant's statements"); accord Banco Nacional De La Vivienda v. Cooper, 680 F.2d 727, 730 (11th Cir. 1982) (citing Besett v. Basnett, 389 So.2d 995, 998 (Fla. 1980) ("[A] recipient [of information] may rely on the truth of a representation, . . . unless he knows the representation to be false or its falsity is obvious to him.")).

Moreover, Plaintiff has failed to allege the manner in which he was misled by the statement, what benefit Defendants obtained as a consequence of the mis-statement, and how he was damaged by the statement. He offers only the conclusory allegation that he, "having reasonably relied on the material misrepresentations of Defendant now suffers a detriment . . . ." [Doc. 1-1 at ¶ 42]. Plaintiff's conclusory allegations are insufficient at the motion

---

[10] The allegation of detrimental reliance is also undermined by the fact that Plaintiff filed his complaint in this action on October 11, 2011, less than thirty days after Plaintiff received the notice of foreclosure on September 11, 2011. [Doc. 1-1 at ¶ 18].

17

to dismiss stage. <u>Twombly</u>, 550 U.S. at 555. For this reason, as well as the above-stated reasons, **IT IS RECOMMENDED** that Plaintiff's fraud claim (the second count) be **DISMISSED**.

### c. Temporary Restraining Order and Injunctive Relief

In the third count of the complaint, Plaintiff seeks an "emergency temporary restraining order" to "restrain[] [Defendants and their agents] . . . from foreclosing on the Plaintiff's property." [Doc. 1-1 at 11].

A district court may grant temporary injunctive relief only if the moving party shows the following:

> (1) he has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

<u>KH Outdoor, LLC v. City of Trussville</u>, 458 F.3d 1261, 1268 (11th Cir. 2006); <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000).[11]

Insofar as Plaintiff seeks injunctive relief under the FDCPA,

---

[11]    To the extent Plaintiff seeks a <u>permanent</u> injunction, the standard is essentially the same, except that he must establish actual success on the merits, <u>KH Outdoor</u>, 458 F.3d at 1268, as well as "continuing irreparable injury if the injunction does not issue, and the lack of an adequate remedy at law." <u>Siegel</u>, 234 F.3d at 1213 (citing <u>Newman v. State of Ala.</u>, 683 F.2d 1312, 1319 (11th Cir. 1982)).

18

the Court cannot "restrain[] [Defendants and their agents] . . . from foreclosing on the Plaintiff's property" because injunctive relief is not available under the FDCPA. Hennington v. Bank of Am., 1:10-cv-1350-WSD, 2012 WL 5860296 at *7 n.12 (N.D. Ga. Dec. 21, 2010) (citing Sibley v. Fulton DeKalb Coll. Serv., 677 F.2d 830, 834 (11th Cir. 1982)).

Even if injunctive relief were available, Plaintiff's claims do not have merit, much less a "substantial likelihood" of success on the merits, Siegel, 234 F.3d at 1176, in light of the undersigned's recommendation herein that all of Plaintiff's claims be dismissed.

Nor can Plaintiff's request for injunctive relief be satisfied because this Court may not issue an injunction unless "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); accord Nicholson v. OneWest Bank, 1:10-cv-0795-JEC-AJB, 2010 WL 2732325 at *5 (N.D. Ga. Apr. 20, 2010); Taylor v. Wachovia Mortg. Co., 1:07-cv-2671-TWT, 2009 WL 249353 at *5 n.6 (N.D. Ga. Jan. 30, 2009). In this case, Plaintiff has not tendered any security for the amount he owes on his mortgage to bring it out of default, nor has he indicated his ability or willingness to tender security in any amount, excpet for a conclusory statement that he "has always been ready and continues

19

to be ready, willing, and able to make payments on the subject property." [Doc. 1-1 at 10].

Under Georgia law, the Court may not enjoin or set aside a foreclosure sale where the plaintiff has made no tender of the indebtedness secured by the deed to secure debt. <u>Nicholson</u>, 2010 WL 2732325 at *5; <u>Taylor</u>, 2009 WL 249353 at *5 n.6. <u>See also</u> <u>Smith v. Citizens & S. Fin. Corp.</u>, 245 Ga. 850, 852 (1980) ("Appellants have made no tender of the indebtedness secured by the deed to secure debt and thus are not entitled to set aside the sale under power."); <u>Mickel v. Pickett</u>, 241 Ga. 528, 535 (1978). Plaintiff has made no such tender in this case. Thus, injunctive relief is not authorized in this circumstance.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's motion for a temporary restraining order and permanent injunctive relief, [Doc.2], be **DENIED**. Having recommended that Plaintiff's motion for a temporary restraining order and injunctive relief be denied, **IT IS RECOMMENDED** that Plaintiff's separate count seeking an emergency TRO and injunctive relief [Doc. 1 at 11], which is substantially identical to the motion, also be **DISMISSED**.

### d. Unjust Enrichment

In the fourth count of Plaintiff's complaint, Plaintiff asserts a claim for unjust enrichment. [Doc. 1-1 at 11]. In his response to

AO 72A
(Rev.8/82)

Defendants' motion to dismiss, Plaintiff states that he "hereby withdraws this claim." [Doc. 13 at 15]. A plaintiff abandons a claim when he fails to raise the claim in opposing a defendant's motion to dismiss. <u>Hopkins v. Saint Lucie Cnty. Sch. Bd.</u>, 399 F. App'x 563, 565 n.1 (11th Cir. 2010). Accordingly, **IT IS RECOMMENDED** that Plaintiff's unjust enrichment claim (the fourth count) be **DISMISSED**.

### e. Negligence

In the seventh count of his complaint, Plaintiff alleges that Defendants "negligently breached their duties" in "completely failing to acknowledge, approve or deny Plaintiff's [HAMP] applications," and in "negligently direct[ing] Plaintiff to contact a non-existing employee of Bank of America, whom Plaintiff was to contact to reinstate his mortgage." [Doc. 1-1 at ¶ 67]. He argues that Defendants had "a duty to service the mortgage loan in good faith, arising out of O.C.G.A. § 7-1-1013, as well as a duty to service the mortgage loan in keeping with a reasonable standard of care." [<u>Id.</u> ¶¶ 70-71]. Plaintiff alleges that Defendants have a duty to honor their contractual obligations and refrain from wrongfully foreclosing on Plaintiff's property. [<u>Id.</u> ¶ 68]. Defendants respond that Plaintiff's negligence claim should be dismissed because a tort action is not permitted for an alleged violation of a contract. [Doc. 3 at 17].

To state a cause of action for negligence under Georgia law,

a plaintiff must establish four elements:

> (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the duty.

Bradley Ctr., Inc. v. Wessner, 250 Ga. 199, 200 (1982). See also McMann v. Mockler, 233 Ga. App. 279, 280 (1998).

In this case, insofar as Plaintiff predicates his negligence claim upon Defendants' "completely failing to acknowledge, approve or deny [his] HAMP applications," this claim is due to be dismissed because it amounts to no more than an effort to assert a private right of action under HAMP, which is not recognized. Miller, 677 F.3d at 1116 (plaintiff lacked standing to pursue state law claims "insofar as they are premised on an alleged breach of [defendant]'s HAMP obligations").

As for Plaintiff's allegation that Defendants "negligently directed Plaintiff to contact a non-existing employee of Bank of America," this claim is also due to be dismissed. Plaintiff has not alleged any factual basis for a duty to conform to a standard of conduct required by the law, outside of a contractual duty, that would support a claim for negligence based upon this conduct. Plaintiff has at most alleged matters that amount only to breach of contract. A "mere breach of a valid contract amounting to no more

22

than a failure to perform in accordance with its terms does not constitute a tort or authorize the aggrieved party to elect whether he will proceed *ex contractu* or *ex delicto*." <u>Ga. Farm Bureau Mut. Ins. Co. v. Croley</u>, 263 Ga. App. 659, 663 (2003) (citations omitted). Instead, to maintain a tort action because of a breach of duty growing out of a contractual relation, the breach must be shown to have been a breach of duty imposed by law and not merely the breach of a duty imposed by the contract itself. <u>Med S. Health Plans, LLC v. Life of the S. Ins. Co.</u>, 4:07-cv-134, 2008 WL 2119915 at *5 (M.D. Ga. May 19, 2008) (citing <u>Mauldin v. Sheffer</u>, 113 Ga. App. 874, 879-80 (1966)).

Plaintiff also alleges that Defendants have a duty to service the mortgage loan in good faith under O.C.G.A. § 7-1-1013. [Doc. 1-1 at 15]. However, O.C.G.A. § 7-1-1013, which forms part of the Georgia Residential Mortgage Act ("GRMA"), governs conduct by mortgage brokers or lenders in connection with a loan application, renewal, or refinancing. Moreover, courts within this district have found that a private cause of action does not arise under the GRMA. <u>Kabir v. Statebridge Co., LLC</u>, 1:11-cv-2747-WSD, 2011 WL 4500050 at *9 n.13 (N.D. Ga. Sept. 27, 2011) (internal citations omitted).

The undersigned has been unable to find any authority recognizing a tort action for negligent mortgage servicing under

23

Georgia law. It is clear that under Georgia law no fiduciary relationship arises between a lender and a borrower that would give rise to any fiduciary duty. <u>Baker v. Campbell</u>, 255 Ga. App. 523, 528 (2002); <u>Pardue v. Bankers First Fed. Sav. & Loan Ass'n</u>, 175 Ga. App. 814 (1985) ("There is . . . no confidential relationship between lender and borrower or mortgagee and mortgagor, for they are creditor and debtor with clearly opposite interests."). <u>See also</u> <u>Jenkins v. Wachovia Bank, N.A.</u>, 314 Ga. App. 257, 261 (2012). Plaintiff has not pled any special circumstances that would take this case out of the general rule of no fiduciary duty. <u>Jenkins</u>, 724 S.E.2d at 5 (citing <u>Morrell v. Wellstar Health Sys.</u>, 633 S.E.2d 68 (2006) (dismissal proper where plaintiff failed to allege facts showing a particular relationship of trust)). And, in the absence of any special duty due and owing by Defendants to Plaintiff, other than any duties arising out of a contract, there would not be any basis for a claim of negligence. <u>See</u> <u>Ga. Farm Bureau Mut. Ins. Co. v. Croley</u>, 263 Ga. App. 659, 663 (2003) (A "mere breach of a valid contract amounting to no more than a failure to perform in accordance with its terms does not constitute a tort . . . .").

Accordingly, **IT IS RECOMMENDED** that Plaintiff's negligence claim (the seventh count) be **DISMISSED**.

### f. Good Faith and Fair Dealing

In the eighth count of his complaint, Plaintiff alleges that

24

Defendants breached an implied duty of good faith and fair dealing that arose out of the mortgage loan contract by "act[ing] in bad faith and with intent to defraud Plaintiff and others similarly situated." [Doc. 1-1 at 16-17].

In Georgia, "[e]very contract implies a covenant of good faith and fair dealing in the performance of the terms of the agreement." Med S. Health Plans, LLC v. Life of the S. Ins. Co., 4:07-cv-134, 2008 WL 2119915 at *5 (M.D. Ga. May 19, 2008) (citing Camp v. Peetluk, 262 Ga. App. 345, 350 (2003)). See also Stuart Enters. Int'l, Inc. v. Peykan, Inc., 252 Ga. App. 231, 222-34 (2001). However, "it is well-settled that the implied duty of good faith does not stand independent of the terms of the underlying contract." Life of the S. Ins. Co., 2008 WL 2119915 at *5 (emphasis added). Accordingly, Georgia law does not recognize a separate cause of action for a party's alleged failure to act in good faith. Id.; Onbrand Media v. Codex Consulting, Inc., 301 Ga. App. 141, 147 (2009) (internal citation omitted); Stuart Enters. Int'l, Inc. v. Peykan, Inc., 252 Ga. App. 231, 222-34 (2001). Therefore, to prevail on a claim for breach of the duty of good faith and fair dealing, Plaintiff must establish that Defendants breached a contractual obligation. Stuart, 252 Ga. App. at 233; Onbrand, 301 Ga. App. at 147; WirelessMD, Inc. v. Healthcare.com Corp., 271 Ga. App. 461, 469 (2005). Because the undersigned has recommended that Plaintiff's

25

breach of contract claim be dismissed, the undersigned accordingly
**RECOMMENDS** that Plaintiff's good faith and fair dealing claim (the
eighth count) be **DISMISSED**.

### g.  Punitive Damages

In the ninth count of his complaint, Plaintiff seeks punitive
damages due to Defendants' alleged "willful misconduct, malice,
fraud, wantonness, oppression and an entire want of care . . . ."
[Doc. 1-1 at 17]. This count is due to be **DISMISSED**.

In his punitive damages count, Plaintiff cites to Georgia's
RICO statute, O.C.G.A. § 16-14-4, and the statute on available
remedies for a RICO violation, § 16-14-6. [Doc. 1-1 at ¶¶ 81-82].
Plaintiff has not, however, pleaded a RICO claim in this case.
Moreover, punitive damages may not be awarded for a claim of mere
negligence, <u>City of Roswell v. Bolton</u>, 271 Ga. App. 1, 6 (2004), nor
for a violation of the FDCPA, <u>Thomas v. Pierce, Hamilton, & Stern,
Inc.</u>, 967 F.Supp. 507, 510 (N.D. Ga. 1997), nor for mere breach of
contract, <u>ASC Const. Equip. USA, Inc. v. City Comm. Real Estate,
Inc.</u>, 303 Ga. App. 309, 314 (2010) (internal citations omitted).
And while punitive damages may be awarded for fraud, <u>see</u> <u>In re
Estate of Ziegler</u>, 295 Ga. App. 156, x (2008) (citing O.C.G.A. § 51-
12-5.1(b)), the undersigned has recommended that Plaintiff's fraud
claim be dismissed. Accordingly, the derivative claim for punitive
damages would also fail.  <u>Franklin Credit Mgmt. Corp. v.</u>

AO 72A
(Rev.8/82)

<u>Friedenberg</u>, 275 Ga. App. 236, 242 (2005) (internal citations omitted).  Because punitive damages are unavailable to Plaintiff, either because the claims upon which he brings suit do not permit punitive damages or because the underlying claims fail, **IT IS RECOMMENDED** that Plaintiff's punitive damages claim (the ninth count) be **DISMISSED**.

### h.  Attorneys' Fees and Expenses

In his complaint, Plaintiff seeks attorneys' fees and expenses of litigation under the abusive litigation statute, O.C.G.A. § 51-7-84, and the Civil Practice Act, O.C.G.A. § 9-15-14.  Because the undersigned has recommended that all of Plaintiff's substantive claims be dismissed, if this recommendation is accepted, there would remain no basis for an award of attorneys' fees and expenses under the above statutes.  Accordingly, **IT IS RECOMMENDED** that Plaintiff's claim for attorneys' fees and expenses be **DISMISSED**.

## C.  Plaintiff's Motion to Amend

On February 1, 2012, Plaintiff filed a motion to amend his complaint, [Doc. 14], "to add certain facts that were only recently revealed to counsel and a claim for Promissory Estoppel." [Id. at 1]. As explained by Plaintiff, the promissory estoppel claim "stems from the newly revealed facts." [Doc. 14 at 1].

Plaintiff does not purport to incorporate the previous

complaint into the amended complaint. Unless an amendment specifically refers to or adopts the earlier pleading, an amended complaint supersedes and replaces the original complaint. <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1219-20 (11th Cir. 2007). However, in his response to Defendants' motion to dismiss, filed after the motion to amend, Plaintiff makes arguments in support of his claims in the original complaint, suggesting that Plaintiff intended only to <u>add</u> the additional claim to the original complaint, not supersede. [Doc. 13]. Nevertheless, as discussed below, the Court finds that the amendment should be denied. Accordingly, the Court will construe Plaintiff's amended complaint as adding the additional claim for promissory estoppel, rather than superseding the original complaint.

At this point in the proceedings, Plaintiff may file an amended complaint only with leave of court. Fed. R. Civ. P. 15(a)(2). Such amendments should be freely given, <u>see</u> <u>id.</u>, except where doing so would be futile. <u>See</u> <u>Mizzaro v. Home Depot, Inc.</u>, 544 F.3d 1230, 1255 (11th Cir. 2008). Futility may occur where, as Defendants argue, an amended complaint fails to state a claim upon which relief can be granted. <u>See</u> <u>id.</u>

In Plaintiff's proposed amended complaint, [Doc. 14], Plaintiff alleges that when he applied for a loan modification under HAMP, he was led to believe that "a foreclosure would not take place during

the modification process." [Doc. 14-1 at 7]. In relying on this "promise," Plaintiff alleges that he "did not seek any alternatives to foreclosure such a short sale, deed-in-lieu of foreclosure or a repayment plan." [Id.]. Plaintiff appears to seek a judgment requiring Defendants to perform a "bona fide loan modification review." [Id. at 9]. Defendants argue that "Plaintiff does not and cannot show that there was a clear promise made by the Defendants upon which he reasonably relied to his detriment." [Doc. 17 at 8].

Under Georgia law, a claim for promissory estoppel "requires proof that (1) the defendant made certain promises; (2) the defendant should have expected that the plaintiff would rely on such promises; and (3) the plaintiff did in fact rely on such promises to his detriment." Miller v. Chase Home Fin., LLC, 2:10-cv-206-WCO, [Doc. 19 at 9-10] (N.D. Ga. Oct. 6, 2011), aff'd 677 F.3d 1113, 1116 (11th Cir. 2011). "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." O.C.G.A. § 13-3-44(a).

Here, Plaintiff has failed to set forth facts sufficient to state a claim for promissory estoppel. First, the basis of the alleged promise is unclear. Plaintiff alleges that he "relied on the representations made" by Defendants that "a bona fide effort would

29

be made by both First Franklin and Bank of America to do what they had promised. Process the application. Neither did as promised . . . ." [Doc. 14-1 at 8-9]. In another part of his amended complaint, however, Plaintiff defines the promise as "the promise not to proceed with a foreclosure." [Id. at 8].

Further, whether Defendants actually made an affirmative promise to Plaintiff is also unclear: Plaintiff states that Defendants promised him that a foreclosure would not occur during the modification process, yet inconsistently he asserts that he never received a response from First Franklin or from Defendant Deutsche about his application under HAMP. See generally [Doc. 14-1]. Instead, Plaintiff appears to rely on the terms of the HAMP program rather than any actual promise made by Defendants. See, e.g., [Doc. 13 at 10] ("Plaintiff relied on Defendants' promise to consider the modification of the loan, and later to apply for a modification under HAMP which would forestall foreclosure during the application process (see Exhibit B #'s 20 and 56, the frequently asked questions section of the official Making Homes Affordable government web site . . . .")).

Even if Plaintiff had alleged sufficient facts to show that a promise was made by Defendants, Plaintiff has not shown that Defendants should have expected that Plaintiff would rely on any such promise. By promising Plaintiff that foreclosure would not

30

occur during the modification process, Defendants could not reasonably have expected that Plaintiff would fail to "pursue alternatives to the modification," [Doc. 14-1 at 8], in view of the fact that there was no guarantee that a modification would occur. And, further, Plaintiff has not alleged or shown that, had he pursued any such alternative, he would have been afforded relief.

Plaintiff admits that he had encountered financial difficulties and that he sought a loan modification under HAMP "in the hopes of maintaining his mortgage and home." [Doc. 1-1 at 5]. Plaintiff does not allege that he was promised a modification or that Defendants agreed to modify his loan. In light of the above, it is unreasonable for Plaintiff to assert that he was induced into doing nothing, to his detriment, while waiting for the modification to be considered. Miller, 2:10-cv-206-WCO, [Doc. 19 at 11] (defendants could not reasonably foresee that their alleged promise to modify plaintiff's loan under HAMP would prevent plaintiff from taking other actions to prevent foreclosure because the modification would only stop foreclosure "for a time").

Insofar as Plaintiff premises his promissory estoppel claim on an alleged breach of Defendants' HAMP obligations, Plaintiff lacks standing to pursue such a claim because no private right of action exists under HAMP. Miller, 677 F.3d at 1116. Accordingly, for the foregoing reasons, Plaintiff's claim based upon promissory estoppel

AO 72A
(Rev.8/82)

fails as a matter of law. Because this claim fails as a matter of law, Plaintiff's motion to amend his complaint to add a claim for promissory estoppel, [Doc. 14], should be **DENIED as futile**. See Mizzaro, 544 F.3d at 1255.

### III.
### Conclusion

For the reasons discussed above, **IT IS RECOMMENDED** that Plaintiff's motion for a TRO, [Doc. 2], be **DENIED**. **IT IS FURTHER RECOMMENDED** that Defendants' motion to dismiss, [Doc. 3], be **GRANTED**. Plaintiff's first motion to amend his complaint to add a claim for promissory estoppel, [Doc. 12], is **DENIED as moot**. Plaintiff's amended motion to amend his complaint to add a claim for promissory estoppel, [Doc. 14], should also be **DENIED as futile**. Defendants' motion for leave to file excess pages in support of the reply brief, [Doc. 18], is **GRANTED**.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 6th day of August, 2012.

_s/ E. Clayton Scofield_
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)